## THE LIMITATION OF LIFE INSURANCE TO LICENSED AGENTS.

[Common Pleas Court of Cuyahoga County.]

### P. A. CONNELLY v. J. W. PICKARD, JR.

Decided, April, 1906.

*Life Insurance—Prohibition against Soliciting Insurance—Unconstitutionality of the Statute Suggested—Who are Competent to Become Licensed Agents Thereunder—Contract as to Commission for Recommending Agency.*

1. Where it is agreed between a life insurance agent and another that a commission shall be paid to him upon the "first installment of premium" received from one recommended to the agency by him, the contract will be construed to mean that a commission is to be paid on the first annual premium paid, where it appears that the minds of the parties met on that basis.
2. The provisions of Section 283, making it unlawful for one not duly authorized by the insurance company and licensed by the superintendent of insurance to procure, receive or forward applications for insurance in any company, are not applicable to such a contract.

BABCOCK, J.

The plaintiff brings suit against the defendant, an insurance agent, to recover a balance claimed to be owing him on an agreement to pay him a percentage of the first annual premium upon an insurance policy, for his services in recommending the insured to the defendant for the purpose of procuring life insurance.

Plaintiff is the agent of the owners of the block known as "The Society for Savings" in the city of Cleveland, and a part of his duties is looking after the offices and collecting rents from the tenants. The defendant is the agent of insurance companies not organized under the laws of but doing business in the state of Ohio, with offices in said office building.

There is no controversy but what the defendant promised plaintiff a commission upon the first installment of premium paid by any person who should take out insurance in the office of the defendant at the recommendation of the plaintiff. But a controversy arises as to whether it was to be a percentage on the first annual premium or upon the first installment. Plaintiff recommended one to the defendant, who wrote a policy upon his life, and at the request of the insured made the premium payable quarterly instead of annually; and the contention of the defendant is, that the percentage agreed to be paid should be estimated upon the quarterly rather than the annual premium.

It is further contended by the defendant that Section 283 of the Revised Statutes makes the agreement in any event unlawful, and bars a recovery by plaintiff on the promise, whatever may have been its terms.

The court finds that the minds of the parties met on the agreement to pay a percentage on the annual premium, and that the policy would have been so written, but to accomodate the insured his payments were made payable quarterly. Finding that the understanding of the parties was that the plaintiff was to receive the commission on the annual premium, he is entitled to recover unless the provisions of this section of the Revised Statutes makes unlawful the promise so made by the defendant.

This section, among other things, provides that "it shall be unlawful for any person to procure, receive or forward applications for insurance in any company not organized under the laws of this state, or in any manner to aid in the transaction of the business of insurance with any such company, unless duly authorized by the company and licensed by the superintendent of insurance."

It is claimed that this plaintiff comes within the terms of the statute making it unlawful in any manner to aid in the transaction of insurance business, unless authorized by the insurance company and licensed by the superintendent of insurance. The plaintiff was neither authorized by the company nor licensed by the commissioner of insurance. If his service under this agreement is to be construed as in some way aiding

in the transaction of insurance business, as defined by the statute, the agreement is unlawful; otherwise, not.

Was the service he rendered such as needed to be authorized by the company, and, for doing such service, is he entitled to a license from the commissioner of insurance? I think not. To have been authorized by the company would have made him an insurance agent, so that whatever he did or said, and whatever representations the insured made to him in the matter of taking the application would have bound the company. A person thus authorized must, under the provisions of the insurance laws of the state, take out a license and pay the required fee.

It certainly can not be successfully maintained that the statute intends that every indirect aiding and assisting an insurance business comes within the provisions of this statute. If so, the accountant or bookkeeper of the agency, the amanuensis who takes dictation and writes for the agent his letters, the office boy and the janitor who makes the fires, would have to be authorized by the company and to take out license, for they indirectly aid in the transaction of the business. The purpose of the statute is to require all agents, general agents, sub agents, and soliciting agents, to be licensed, and only such. The test is, whether the person thus aiding is acting in such a capacity that his act is the act of the company. Only such persons can receive licenses from the superintendent of insurance.

In this case it can not be successfully maintained that the plaintiff, who was simply to recommend an insurance agency, is thereby empowered to represent the company so that what he may have said or done bound the company. And it therefore follows that defendant can not avail himself of this section of the statute to avoid the promise made. The plaintiff is, therefore, entitled to recover the balance owing, which I find to be $24.35.

It is argued that this section of the statute is unconstitutional, but having found that it has no application to the case at bar, no determination of that question is made.

*G. C. Hansen*, for plaintiff.

*Chapman & Kramer*, for defendant.